UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY,<br><br>                                Plaintiff,<br><br>v.<br><br>MARY ELIZABETH MOORE, et al.,<br><br>                                Defendant. | Case No.: 18cv944-L (MSB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO FILE SEALED DOCUMENTS AND FOR IN CAMERA REVIEW [ECF No. 37]** |

On December 21, 2018, the parties filed their "Joint Motion to file Sealed Documents and for In Camera Review" [ECF No. 37], pertaining to Exhibits "A" and "B" to the Declaration of Nancy J. Marr, in support of their Joint Motion for Approval of Settlement Agreement Involving Minor. Exhibits "A" and "B" are being submitted pursuant to the Court's December 11, 2018 order [ECF No. 33] for an accounting of attorneys' fees and costs which the parties agreed would be reimbursed to Plaintiff Delaware Life Insurance Company ("Delaware Life"). (See J. Mot. at 2, ECF No. 37.)

Exhibits "A" [ECF No. 38] and "B" [ECF no. 39] contain information regarding legal services performed and attorneys' fees and costs incurred. In addition, Exhibit "B" contains specific information regarding rates and legal services, and is submitted to the Court only for its *in camera* review, and not served on the parties. Citing no authority,

1

the parties agree that Delaware Life has an interest in maintaining the confidentiality of information in Exhibits "A" and "B" as attorney work product and attorney-client communications with the law firm of Burke, Williams & Sorensen, LLP ("Burke"). (J. Mot. at 2.)

The Court notes here that Plaintiff is submitting these Exhibits in support of the parties' request that the Court approve a settlement agreement involving a minor. (See id. at 2; J. Mot. Approve Settlement, ECF 35.) Additionally, the Court notes that Exhibit "B" does not contain any substantive descriptions of the legal work performed by Burke, but only the billing rates of its attorneys and paralegals who worked on the case, the number of hours billed on each monthly invoice, and costs incurred (e.g. "duplication"). Under Ninth Circuit precedent, "a simple invoice requesting payment for unspecified services rendered reveals nothing more than the amount of the fee and would not normally be privileged." In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir. 1982). "However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." Clarke v. Am. Commerce Nat. Bank, 974 F.2d 127, 129 (9th Cir. 1992) (citing In re Grand Jury Witness, 695 F.2d at 362).

Under this standard, the Court finds good cause and **GRANTS** the joint motion with regards to the request to file Exhibit "A" under seal. It contains sensitive information about the nature of the legal work performed by Burke employees that falls within the attorney-client privilege, and preventing disclosure of such privileged information is good cause to prevent public access. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown.") (internal citations omitted).

2

18cv944-L(MSB)

However, the Court does not believe that the information contained in Exhibit "B" is subject to attorney-client privilege or work product protection, and as such the joint motion to submit Exhibit "B" for in camera review only is **DENIED without prejudice**. Nothing before the Court indicates that disclosure of the attorney billing rates or fees would compromise attorney-client privilege or attorney-work product. Instead, the Court believes that information regarding billing rates and time spent is important to Defendants' ability to ascertain the fairness of Burke's fees.

Accordingly, Exhibit "A" to the Marr Declaration [ECF No. 38] is **HEREBY ORDERED TO BE FILED UNDER SEAL.**

**IT IS SO ORDERED**.

Dated: December 28, 2018

Honorable Michael S. Berg
United States Magistrate Judge