1
2
3
4
5
6
7
8     UNITED STATES DISTRICT COURT
9     SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 DELAWARE LIFE INSURANCE COMPANY, | Case No. 3:18-cv-00944-L-MSB |
| 12 Plaintiff, | **ORDER:** |
| 13 | **(1) ADOPTING REPORT AND RECOMMENDATION [DOC. 57];** |
| 14 v. | |
| 15 MARY ELIZABETH MOORE, an individual; ESTATE OF RICHARD LYNWOOD MOORE, by and | **(2) GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR SETTLEMENT [DOC. 35];** |
| 16 through the Administrator of the Estate; KEVIN RICHARD MOORE, | |
| 17 an individual; CKM, a minor, by and through his Guardian ad Litem; and | **(3) GRANTING JOINT MOTION FOR ORDER SEEKING DISTRIBUTION OF DEATH** |
| 18 DOES 3 through 10, inclusive, | **BENEFIT, REIMBURSEMENT OF FEES AND COSTS,** |
| 19 Defendants. | **DISCHARGE OF PLAINTIFF AND DISMISSAL OF ACTION** |
| 20 | **WITH PREJUDICE [DOC. 59]** |
| 21 | |

22
23          The parties have filed a joint motion for approval of a settlement agreement
24   involving a minor [Doc. 35].[1]  The parties also filed a joint motion for order [Doc.
25   59] following the report and recommendation of the Honorable Michael S. Berg,
26   _____
27   [1] It appears the parties filed the joint motion for settlement twice, with the second filing including a declaration in support of approving the joint motion in light of the minor's compromise.  Substantively, the pleadings appear identical.  As such, the
28   Court disposition of docket number 35 applies equally to docket number 40.

United States Magistrate Judge, recommending this Court GRANT IN PART and DENY IN PART the parties' joint motion for settlement [Doc. 57]. For the reasons stated herein, the Court **ADOPTS** the magistrate judge's report and recommendation in its entirety.

On December 6, 2018, Delaware Life filed the operative Complaint in interpleader and for declaratory relief regarding the conflicting claims to the death benefit under an annuity contract between the Estate of Richard L. Moore, Mary Moore, Kevin Moore (decedent Richard L. Moore's adult son, and CKM (decedent Richard L. Moore's minor son) [ECF No. 28-3].[2] On August 29, 1987, Richard L. Moore and Mary Moore (collectively "the Moores") married. On September 27, 2001, while married, the two purchased the annuity contract underlying this matter, a Certificate for Flexible Payment Deferred Combination Variable and Fixed Group Annuity Contract Nonparticipating, Certificate No. 84-8400-001940 (the "Annuity Contract") from Sun Life Insurance Company ("Sun Life") at a price of $1.2 million. The Moores designated the "Surviving Spouse" as 100% Primary Beneficiary when applying for the Annuity Contract. *See* ECF No. 28-4 at 11. On May 28, 2013, Mary Moore filed for dissolution of the marriage. Effective July 21, 2014, Sun Life changed its name to Delaware Life Insurance Company ("Delaware Life"). On December 10, 2015, prior to the final Dissolution Judgment, the Moores entered into a marital settlement agreement (the "MSA"), which stated that the decedent Richard L. Moore and Mary Moore would each own "undivided 50% interest" after dissolution of the marriage. On March 7, 2017, the Dissolution Judgment was entered dissolving the Moores' marriage.

On December 25, 2017, Richard L. Moore died intestate, leaving no surviving spouse and two sons including minor CKM. On February 14, 2018, Mary Moore,

---

[2] Plaintiff Delaware Life filed its initial Complaint bringing the same causes of action on May 15, 2018 to resolve conflicting claims to the death benefit under the Annuity Contract by decedent's estate and Mary Moore.

mother of the decedent's only heirs, Kevin Moore and minor CKM, filed a Petition for Probate and Letters of Administration with Authorization to Administer the Estate pursuant to the Independent Administration of Estates Act (the "Probate Petition") in the Probate Court for the Superior Court of California, County of San Diego, Central Branch ("Probate Court"), *In Re Estate of Richard L. Moore*, Case No. 37-2018-00007575-PR-LA-CTL ("Probate Proceeding"). The Probate Court approved Mary Moore's Probate Petition and issued an Order for Probate on April 4, 2018. On Septmeber 27, 2018, Mary Moore, acting as administrator for the decedent's estate, filed an ex parte petition for order authorizing the administrator to execute a settlement agreement and/or other pleadings to allow for the equal distribution of annuity benefit between the estate and administrator. The Probate Court held the hearing on the ex parte motion on October 5, 2018. At the hearing, the Probate Court appointed a Guardian Ad Litem, Jeffrey T. Vanderveen, Esq. (Guardian Ad Litem"), for CKM and continued the hearing to November 9, 2018. On November 2, 2018, the filed his report recommending approval of the ex parte petition after reviewing the petition and interviewing CKM and Mary Moore. On November 9, 2018, the Probate Court issued an order approving the ex parte petition and authorizing Mary Moore to execute a settlement agreement and other necessary documents to facilitate an equal division of the Annuity Contract and to resolve the interpleader proceeding, in her capacity as Administrator for decedent's estate.

On December 6, 2018, the parties filed a joint motion to join decedent's only heirs, Kevin Moore and minor CKM; the motion also sought reimbursement of attorneys' fees and costs to Delaware Life, Delaware Life's discharge of liability, distribution of proceeds to decedent's estate and Mary Moore and dismissal. The Court's December 6, 2018 Order joined decedent's heirs and deemed the First Amended Complaint filed but denied the remainder of the motion as Civil Local Rule 17.1 requires all settlement agreements to be reviewed by a magistrate judge before any order of approval will issue. On February 21, 2019, Michael S. Berg, United

States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. 636(b)(1) and the Local Rules. After reviewing the settlement agreement and binding law, Judge Berg found that the equal division of the Annuity between Ms. Moore and decedent's estate to be a fair and reasonable resolution and in the best interests of the parties, including CKM. Judge Berg also recommended that the attorneys' fees accounted for in the settlement be reduced from $58,480.76 to $24,260.36. Judge Berg set a briefing schedule by which any party could file written objections with the Court. To this point, no party has filed any objection to Judge Berg's report and recommendation.

A district judge "may accept, reject, or modify the recommended disposition" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(B). "The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, de novo review is waived. Section 636(b)(1) does not require review by the district court under a lesser standard. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

In the absence of objections, the Court adopts Judge Berg's report and recommendation [Doc. 57]. Accordingly, the Court approves the settlement between Ms. Moore and the decedent's estate, including CKM but reduces Plaintiff's attorneys' fees to $24,260.36. After reimbursement for attorneys' fees, Delaware Life is hereby ordered to distribute the Annuity proceeds between Ms. Moore and the decedent's estate as previously agreed in their settlement agreement. As such, the parties' joint motion for settlement [Doc. 35, 40] is granted in part and denied in part. Moreover, the parties' joint motion for order is granted. Accordingly, Plaintiff is

discharged from liability, service of the first amended complaint and Defendants'
responses is waived, and this action is dismissed with prejudice.

IT IS SO ORDERED.


DATED: June 12, 2019

Hon. M. James Lorenz
United States District Judge